UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| AVIS BRAGG, INDIVIDUALLY AND | ) | |
| AS ADMINISTRATRIX OF THE ESTATE | ) | |
| OF JERRY LEE BRAGG SR., DECEASED | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Civil Action _____** |
| | ) | |
| | ) | |
| | ) | |
| PIKEVILLE MEDICAL CENTER, INCORPORATED, | ) | |
| AND | ) | |
| DR. DENNIS HAVENS | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

## <u>COMPLAINT</u>

Comes the Plaintiff, Avis Bragg, Individually and as Administratrix of the Estate of Jerry Lee Bragg Sr., deceased, by counsel, and for her complaint against the defendants, states as follows:

1. Plaintiff, Avis Bragg, both individually and as the Adminstratrix of the Estate of Jerry Lee Bragg Sr., is a citizen of Wayne County, West Virginia.  She was appointed Administratrix by Order of the Wayne County District Court of West Virginia on July 6, 2010 (attached hereto as Exhibit 1).

2. Defendant, Pikeville Medical Center, Incorporated ("PMC") is a corporation organized and existing under the laws of the Commonwealth of Kentucky, having a

place of business in Pike County, Kentucky and defendant, Dr. Dennis Havens ("Dr. Havens") is a citizen of Pike County, Kentucky.

3.  The amount in question exceeds more than the sum of $75,000.00, therefore allowing diversity jurisdiction in this Court.

4.  At all times relevant, Jerry Lee Bragg, Sr. was a patient of PMC, and was under the care and treatment of Dr. Havens along with other employees, agents, and staff of PMC starting on February 16, 2010, for evaluation and medical treatment of a lung condition as herein complained of in this pleading.

5.  Jerry Lee Bragg, Sr. was admitted to PMC on March 25, 2010 and discharged on April 15, 2010.  During this hospitalization, Jerry Lee Bragg, Sr. underwent numerous medical procedures relating to his lung condition.  He returned for two follow-up appointments on April 19, 2010 and May 4, 2010.

6.  It was the duty of the defendant, PMC, through its agents, servants, and employees, to exercise toward Jerry Lee Bragg, Sr., the degree of care and skill ordinarily expected of reasonable and prudent hospitals under similar circumstances.

7.  Defendant, PMC, through its agents, servants, and employees, was negligent in the care and treatment of Jerry Lee Bragg, Sr. and failed to exercise the degree of care and skill ordinarily expected of reasonable and prudent hospitals under similar circumstances; therefore, proximately causing his rapidly deteriorating medical condition and ultimate demise.

8.  Dr. Dennis Havens, a surgeon, and employee of PMC was also negligent in the treatment and care of Jerry Lee Bragg, Sr., including the following:

   a.  Electing for unnecessary invasive medical procedures;

   b.  Failure to treat, remove, or implement correct lifesaving procedures;

   c.  Failure to medicate for a very serious infection;

   d.  Failure to treat or remove infection and loculated type infection; and

   e.  Failure to diagnose the severity of the infection post-operatively, and implement proper medical treatment.

   f.  Failure to prove adequate treatment and care after Jerry Lee Bragg Sr. was released from PMC and his health continued to deteriorate.

9.  Dr. Havens and PMC were negligent in the above encounters.  There were multiple opportunities to carry out lifesaving treatment which was not done.

10. Dr. Havens was negligent in his care and treatment of Jerry Lee Bragg Sr., as mentioned in paragraph 8, in not using the degree and skill that would be ordinarily be expected of reasonable and prudent surgeons under similar circumstances.

11. As a result of the negligence and failure to properly treat Jerry Lee Bragg Sr., the right middle lobe of his lung became terribly infected and necrotic, and Jerry Lee Bragg Sr. died on May 17, 2010.

12. As a result of the treatment, as aforesaid, to Jerry Lee Bragg, Sr., he incurred reasonable and necessary medical expenses, for which his estate is entitled to compensation.

13. As a result of the negligent care and treatment to Jerry Lee Bragg, Sr. as mentioned in paragraphs 7, 8, 9 and 10 above, he suffered physical pain and mental anguish until the time of his death, for which his estate is entitled to compensation.

14. As a result of the negligent treatment of Jerry Lee Bragg, Sr., his spouse and widow, Avis Bragg, suffered the loss of her husband's aid, assistance, services, society and companionship, for which she is entitled to compensation.

15. As a result of the death of Jerry Lee Bragg, Sr., his estate has incurred funeral and burial expenses.

16. As a result of the death of Jerry Lee Bragg, Sr., his power to earn and bring in money has been destroyed.

17. The defendants, PMC and Dr. Havens, were grossly negligent in its care and treatment of Jerry Lee Bragg, Sr. (see Paragraph 8) and plaintiff is entitled to punitive damages from the defendants.

Wherefore, Plaintiff, Avis Bragg, Individually and as Adminstratrix of the Estate of Jerry Lee Bragg, Sr., deceased, demands relief against the defendants as follows:

A.   *Compensatory damages in excess of the minimal jurisdictional limits of this

Court in Diversity cases (one million dollars);

B.   *Punitive Damages against the Defendants, Pikeville Medical Center and Dr.

Dennis Havens (one million dollars);

C.   Prejudgment and post-judgment interest;

D.   Her costs in both capacities that have been expended;

E.   Any and all other relief to which plaintiff may appear entitled;

F.   Plaintiff further demands trial by jury.

Avis Bragg, Individually and
Administratrix of the Estate
of Jerry Lee Bragg, Sr.


Counsel for Plaintiff

Wolfe, Williams Rutherford & Reynolds
P.O. Box 625
Norton, VA 24273
Telephone (276)-679-0777
Fax (276) 679-5919
/s/ P. Heith Reynolds
P. HEITH REYNOLDS
BAR CODE 40256


*Amount set for Jurisdictional purposes.  Final amount may be amended.